# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO NOSTRATIS, | CASE NO. 1:09-cv-00684 DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION |
| CALIFORNIA CITY CORRECTIONAL CENTER, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff Fernando Nostratis ("Plaintiff") is a former prisoner and is proceeding *pro se* in this civil action. Plaintiff filed this action on April 17, 2009, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

At the time of filing, Plaintiff was a permanent resident of the United States and incarcerated

at California City Correctional Center ("Institution"). In his complaint, Plaintiff states that he has served nearly ten years of his sentence, with only four months remaining. Plaintiff states that he wishes to return home to his family after he completes his sentence. Plaintiff requests that he be transferred to a IHP hearing site to serve the remainder of his sentence, in order to expedite the deportation process, which takes approximately three to four months. Plaintiff states that he filed a request with the Institution and the request was denied.

Plaintiff alleges a violation of due process and names California City Correctional Center and Warden John Sugrue as defendants. Plaintiff seeks equitable relief only; namely, Plaintiff requests that the Court grant his request for a transfer to the IHP Hearing Site so that he can be deported as soon as possible.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. To satisfy constitutional jurisdictional requirements, the controversy must be extant at all stages of review, and not only when the case is filed. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 1069 (1997). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 US 277, 287, 120 S. Ct. 1382, 1390 (2000).

Plaintiff filed his complaint on April 17, 2009. On September 9, 2009, Plaintiff filed a notice of change of address, indicating that he now resides in Naic, Cavite Philippines. Plaintiff's case is moot in light of his release from incarceration and departure to the Philippines. Because there is no justiciable controversy before the Court, this action is HEREBY ORDERED DISMISSED.

IT IS SO ORDERED.

**Dated:   September 25, 2009**             /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE